Demint, &c., v. Thompson, &c.

CASE 48—ORDINARY—MAY 13, 1882.

# Demint, &c., v. Thompson, &c.

## APPEAL FROM CARROLL CIRCUIT COURT.

1. It is not essential that the action of a sheriff who makes a levy upon real estate should be reduced to writing at the time the levy is made.

2. If the levy is, in fact, made at the time the sheriff had the right to make it by virtue of an execution in his hands, in a controversy between the plaintiff and defendant in the execution, the sheriff may be permitted to show the fact of the levy by parol.

3. Having no interest in a motion to quash the execution, the sheriff could not appeal from a judgment of quashal, and inasmuch as he is prevented from taking any action to enforce the levy, neither he nor his sureties are liable to the plaintiff in the execution for damages.

·THOS. J. McELRATH FOR APPELLANTS.

1. The sheriff being estopped from alleging the validity of the levy, his sureties are also estopped.

.2. The levy not being indorsed at the time, and not until after the death of the defendant in execution, is invalid.

3. The alleged direction of the plaintiff on the execution to the sheriff to return to his attorney for indorsement is not good because not in writing. (McBurnie v. Overstreet, 8 B. Mon., 304; Commonwealth, &c., v. Hart, 4 Bush, 64; Carlisle v. Wathen, 78 Ky., 365; Gen. Stat., chap. 38, art. 11, sec. 2; Myers' Sup., p. 755.)

MASTERSON & GAUNT AND W. MONTFORT FOR APPELLEES.

.Although the sheriff did not fully set forth his levy at the time it was made, we think the authorities are clear that a levy on real estate may be shown by parol. The execution creditor ought not to be deprived of any right by reason of the sheriff's failure to state his levy with particularity. (8 B. Mon., 303; 4 Bush, 66; 9 Bush, 166; 18 B. Mon., 521; 3 *Ib.*, 25; 3 Dana, 152.)

.JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action against the sheriff and his sureties on his official bond for the failure, as is alleged, of that officer to ·levy an execution placed in his hands in favor of Demint against Ringo. There was an answer filed to the petition, to which there was a demurrer, and the demurrer going

back to the petition, it was sustained to the latter pleading, and the plaintiff failing to amend, the action was dismissed as to the sureties, and the execution plaintiff, Demint, has appealed.

The question involves the validity of a levy alleged by the sureties to have been made by their principal on the land of the execution debtor, Ringo.

The facts stated in the petition and answer, and about which there is no controversy, are these: while the execution was in the hands of the sheriff, and in full force, that officer saw Ringo, and informed him that he had levied on a small tract of land owned by the latter to satisfy the execution, and at the same time indorsed on the execution *levied*, with the date of the levy, but failed to state upon what property the levy had been made. The execution debtor had no other property, and the sheriff had been directed by the plaintiff in the execution to make a levy on this land. When the levy was made, the sheriff returned or delivered the execution to the attorney of the plaintiff, that the latter might write out a complete return, and in a few days after the defendant in the execution died, and before the sheriff or the attorney had, by writing, shown the nature or character of the levy made. The sheriff then proceeded to make his return in full, showing his action in the premises, and returned the execution while in full force to the proper office. After this a motion was made by the representative and heirs of the debtor to quash the levy, and notice given of the intended motion to the plaintiff in the execution and the sheriff. The levy was quashed on the hearing of the motion, and therefore this action was brought. We do not regard it as essential that the action of the officer in making a levy on real estate should be reduced to writing at the

Demint, &c., v. Thompson, &c.

time the levy is made.    If the levy was in fact made when the sheriff had the right, by virtue of the execution, to make the levy, there is no reason why the sheriff, in a controversy with either the plaintiff or the defendant in the execution as to the fact of the levy, should not be permitted to show by parol that the levy was made.    Here the fact of the levy is conceded by all parties—that is, that the sheriff informed the debtor he had levied on this land, and having made the levy, the fact of his failure, at the very moment, to evidence his action by an indorsement in writing on the execution, does not render the levy invalid.    The usual mode, in fact, of levying executions on real estate by sheriffs is to make a mere memorandum, so as to enable them to have their returns made or written with that particularity necessary in levying on such property; and where no indorsement was made at the time, the sheriff may show by parol when the levy was in fact made.

The sheriff, when levying on real estate, does not disturb the possession of the debtor, or even his right of possession, and therefore the distinction between that character of levy and a levy on personal property.    A mere paper levy by the sheriff on personal property amounts to nothing.    He must take the possession or control of it; and a mere indorsement on the execution or a statement to the owner that he has levied on certain personal property, without any other action on the part of the sheriff, is no levy.    It may be evidence of the fact that he has levied upon and taken the possession of or control of the property, but nothing more.

In the case of McBurnie v. Overstreet, reported in 8 B. Monroe, this court held that "the fact of a levy upon real estate may be established by parol," and further, that a levy

upon real estate might be made by apprising the defendant of the fact without going on the premises. It is certainly the duty of the sheriff to enter upon the execution the nature of his levy, showing the particular estate levied upon; but the fact that he fails to make this entry at the moment, or on the day of the levy, does not render the levy invalid, whether made upon real or personal estate. How far the failure to make the indorsement is to affect innocent purchasers is not a question involved in this case. It is argued, however, that the motion to quash the execution having been sustained, the sheriff and his sureties are estopped from saying that this was a valid levy. We think not. The sheriff had no direct interest in the result of the motion, nor was he a necessary party to the proceeding. The fact of the quashing of the levy prevented him from proceeding to sell under it, but would have had no other effect on his action. He had no right to appeal from the judgment, or to question, by reason of any interest he had in the matter, the action of the court in sustaining the motion. It was the duty of the plaintiff in the execution, who was the real defendant in the motion, to correct the error, and the judgment of the court on the motion does not estop the sheriff or his sureties from showing that the levy was properly made. The demurrer was, therefore, properly sustained.